## LAND DEVELOPMENT & LIVE STOCK CO. v. HOLMES et al.

(Circuit Court of Appeals, Seventh Circuit.   January 11, 1922.)

No. 2989.

Specific performance ⊙⟶33—Decree refusing specific enforcement of contract to convey land to foreign corporation not authorized to do business in state held within discretion of court.

A decree refusing to require conveyance of land in Illinois to a foreign corporation not authorized to do business in the state, under a contract which it had no legal right to make, and which would not be recognized by the courts of the state, and which had no right under the laws of the state to take or use the land for the purpose intended, *held* within the discretion of the court.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Land Development & Live Stock Company against W. W. Holmes and Elizabeth Holmes.   Decree for defendants, and complainant appeals.   Affirmed.

W. H. Haight, of Chicago, Ill., and W. K. Amick, of St. Joseph, Mo., for appellant.

Walter L. Wenger, of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge.   On May 10, 1917, appellees, by written instrument, leased to appellant (asserted in the lease to be an Illinois corporation) for a term ending March 1, 1922, a farm in Lake county, Ill.   In and as a part of clause 9 thereof was inserted the following:

"The lessee is hereby granted an option to purchase said farm at or at any time prior to March 1, 1920, at the total purchase price of two hundred twenty-five dollars ($225.00) per acre."

Appellant went into possession of the farm, and on February 28, 1920, attempted to exercise its option.   Appellees refused to convey, and appellant filed the bill in this case to compel specific performance. It was dismissed for want of equity.

The bill avers appellant to be a citizen and a resident of the state of South Dakota, and it is stipulated in the record that appellant never obtained a license to do business in the state of Illinois, as required by the statutes of Illinois relating to foreign corporations.   The record shows that the purposes for which appellant took the lease of the real estate and now desires the title under the option are not purposes for which a foreign corporation not authorized to do business in Illinois may take real estate in Illinois.

A bill for specific performance always rests in the sound judicial discretion of the court.   So far as appellant has done business in Illinois it has done it in violation of the prohibition in the statute, and in so far as the contract in question is concerned appellant cannot, under the Illinois law, procure any license that will enable it now to have recourse

to the courts of Illinois for the purpose of adjudicating any matter growing out of any business already done.

All the above matters the court had the right to take into consideration, and doubtless did so in reaching its conclusion. We cannot hold that there was any abuse of judicial discretion in refusing to compel appellees to convey to appellant Illinois real estate; that, under the circumstances shown, it had no legal right to take or use, under a contract that it had no legal right to make, and that will not be recognized by the courts of Illinois.

Decree affirmed.